UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                                                 :
:
                          Plaintiff,                    :
:      23 Civ. 7547 (JPC)
            -v-                                                 :
:      <u>ORDER</u>
JOHN DOE subscriber assigned IP address                                 :
207.96.102.135,                                                         :
:
                         Defendant.                    :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The Court is in receipt of Plaintiff Strike 3 Holdings, LLC's motion seeking leave to serve a Rule 45 subpoena on Astound Broadband/RCN, Inc., the internet service provided for Defendant John Doe, prior to a Rule 26(f) conference. Based on its review of Plaintiff's memorandum of law, Dkt. 7, and the accompanying declarations, the Court finds that Plaintiff has established that good cause exists for it to serve the requested subpoena. Therefore,

      **IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Astound Broadband/RCN, Inc., which it has identified as Defendant's internet service provider ("ISP"), to obtain information to identify Defendant, specifically her or his true name and current and permanent address. Plaintiff is expressly **not** permitted to subpoena Astound Broadband/RCN, Inc. for Defendant's email addresses or telephone numbers. The subpoena shall have a copy of this Order attached, along with the "Notice to Defendant" attached as an exhibit to this Order. Plaintiff may also serve a Rule 45 subpoena in the same manner, with the same express limitation, on any ISP that is identified as a provider of internet services to Defendant in response to a subpoena served pursuant to this Order.

**IT IS FURTHER ORDERED** that Astound Broadband/RCN, Inc. will have 60 days from the date of service of the Rule 45 subpoena upon them to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." **The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.** Astound Broadband/RCN, Inc. may serve Defendant using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Astound Broadband/RCN, Inc. may **not** turn over Defendant's identifying information to Strike 3 before the expiration of this 60-day period. Additionally, if Defendant or Astound Broadband/RCN, Inc. files a motion to quash the subpoena, Astound Broadband/RCN, Inc. may not turn over any information to Plaintiff until the motions have been decided and the Court issues an Order instructing Astound Broadband/RCN, Inc. to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without Defendant or Astound Broadband/RCN, Inc. contesting the subpoena, Astound Broadband/RCN, Inc. shall have 10 days to produce the information responsive to the subpoena to Plaintiff. Defendant, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Astound Broadband/RCN, Inc. so that it is on notice not to release any of Defendant's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that Astound Broadband/RCN, Inc. shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the

subpoena. Should Astound Broadband/RCN, Inc. elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

SO ORDERED.

Dated: September 8, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge